# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RASHEEN CARBIN,          )
                                 )
          Plaintiff,       )
                                 )
          v.                 )        Civil Action No. 18-2635 (RC)
                                 )
                                 )
NRA GROUP, LLC,       )
                                 )
          Defendant.   )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed suit in the Superior Court of the District of Columbia against NRA Group LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and seeking a judgment of $1,000. *See* Compl., ECF No. 1-2. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1331.[1] Not. of Removal, ECF No. 1. Pending before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. ECF No. 4. Plaintiff has neither complied with the order to respond to defendant's motion by December 31, 2018, ECF No. 5, nor requested additional time to respond. Consistent with the advisements in the order, the Court will proceed without plaintiff's input. For the following reasons, defendant's motion will be granted.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

---

[1] Section 1441(a) authorizes a defendant to remove from State court a civil action over which the federal district court has original jurisdiction, *i.e.*, "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

(per curiam). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.2d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the court to determine whether a plaintiff has properly stated a claim. *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). It is not necessary for the plaintiff to plead all elements of a prima facie case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted). And "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

The Court agrees that the instant complaint is factually deficient. *See* Def.'s Mem. at 3-4. Plaintiff alleges only that defendant "has violated" the FDCPA "by (1) being deceptive in trying to collect an alleged debt and (2) being abusive in their conduct." Compl. (Statement of Claim). Such conclusory allegations cannot withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice" to survive a motion to dismiss). Therefore, this case will be dismissed

without prejudice. A separate order accompanies this Memorandum Opinion.


_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: January 10, 2019